IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK MECONI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-1033-GMS |
| | ) |
| UNITED STATES INTERNAL REVENUE | ) |
| SERVICE (IRS), et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Patrick Meconi ("Meconi") filed the instant complaint on August 14, 2012, seeking return of an estimated tax deposit he "entrusted to the Internal Revenue Services' safekeeping." (D.I. 2) Meconi proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1346.

**I. BACKGROUND**

Meconi alleges that he made generous deposits with the Internal Revenue Service ("IRS") for estimated taxes. Meconi states that it was not until 2010 that he was able to file the original form 1040 returns for the tax years of 2004 through 2009, because he was caring for his spouse who is afflicted with Alzheimer's. Meconi alleges that the 2004 through 2009 returns were carried forward which resulted in a single refund in the 2009 tax year filing. Plaintiff alleges the IRS caused confusion by scattering the six returns to six separate agents in IRS offices remote from Wilmington, Delaware. Each of the six tax returns were modified. In addition, Meconi

alleges that the returns were incorrectly treated as 1040x amended tax returns and that the IRS incorrectly determined that the original returns did not meet the requirements of 26 U.S.C. § 6511(a). Meconi appealed the IRS determination and provided supplementary documentation of financial disability allowed by 26 U.S.C. § 6511(h). The IRS determined that there was no basis to allow any part of Meconi's claim. (*See* D.I. 2, ex. IRS Sept. 2, 2011 letter.) Meconi alleges that the IRS: (1) performed a cursory review in making its decision; (2) did not hold a personal conference as he requested; (3) failed to communicate with him in any personal meaningful manner; (4) failed to comply with IRS documents; (5) and has mistreated him. Meconi seeks return of his deposits and reimbursements for costs. Meconi has also filed a motion for this matter to promptly proceed to trial. (D.I. 9.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Meconi proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Meconi leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Meconi has a "plausible claim for

relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Meconi's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The IRS is a named defendant. The nature of Meconi's action, however, is one against the United States and its employees. For a federal agency to be amenable to suit, Congress must authorize suit against it by name. *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952). Congress has not authorized suit against the IRS with respect to suits of the type Meconi has filed. Therefore, the IRS is not a proper party to this action. *See In re Dye*, 2000 WL 1202109 (D. Del. 2000), *aff'd*, 262 F.3d 403 (3d Cir. 2001). Additionally, 26 U.S.C. § 7426 provides that the United States should be substituted as a defendant when an action is improperly brought against any officer or employee of the United States. Inasmuch as Meconi proceeds *pro se*, the court finds that he has sued the United States and inadvertently named the IRS as the defendant party.

## IV. CONCLUSION

For the above reasons, the court will substitute the United States for the Internal Revenue Service as a party defendant and allow Meconi to proceed with his complaint. The court will deny

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

as premature, Meconi's motion for trial. (D.I. 9.)

    An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Nov 9.__, 2012
Wilmington, Delaware