## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PATRICK MECONI, :
:
    Plaintiff, :
:
v. : Civ. No. 12-1033-GMS
:
UNITED STATES OF AMERICA, et al., :
:
    Defendants. :

### MEMORANDUM

Plaintiff, Patrick Meconi ("plaintiff"), filed a complaint against the Internal Revenue Service ("IRS") and five individually named IRS agents on August 14, 2012, seeking return of an estimated tax deposit he "entrusted to IRS' safe keeping." (D.I. 2 at 2.) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This court has jurisdiction pursuant to 28 U.S.C. § 1340 "of any civil action arising under any Act of Congress providing for internal revenue," and under 28 U.S.C. § 1346 in suits against the United States for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

While the IRS was originally included as a named defendant, Congress has not authorized suit against the IRS with respect to an action of the type plaintiff filed. On November 13, 2012, this court substituted the United States for the Internal Revenue Service as a party defendant and allowed plaintiff to proceed. Presently before the

court is the United States' motion to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), and a motion to dismiss the claims against the individually named defendants for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). (D.I. 28.)

## I. BACKGROUND

Plaintiff alleges his wife managed all of their business and personal financial affairs for forty years. (D.I. 32, ex. 67- 2/2.) Because of Alzheimer's disease, after the 2003 tax year she was incapable of providing "any meaningful information for tax filing purposes," and financial information was "co-mingled, misfiled and lost." (*Id.*) Plaintiff contends he made "generous deposits" to the IRS in 2005, 2006, and 2007 using Form 1040-ES for estimated taxes. (D.I. 2 at ¶ 3.) Not until 2010 was plaintiff able to file original Form 1040 returns for tax years 2004 through 2009. Plaintiff proffers his tax returns were delayed because of caring for his spouse and his "commensurate and personal physical and emotional ordeal." (D.I. 2 at ¶ 2.) During his wife's illness, plaintiff experienced numerous health problems of his own, and underwent seven operations. (D.I. 32 at ex. 67- 2/2.)

Plaintiff maintains his deposits were based on "wildly conservative estimate[s]" of his tax liability. (*Id.*) Plaintiff's wife passed away in January 2010. (*Id.*) When plaintiff finally was able to complete and file his tax returns in 2010, the 2004 through 2009 returns were carried forward which resulted in a single refund amount requested in the 2009 year tax filing. Plaintiff alleges the IRS caused confusion by scattering the six returns to six different agents in various IRS offices remote from his place of residence in Wilmington, Delaware.

Plaintiff further proffers the returns were incorrectly treated as Form 1040X amended tax returns, and the IRS improperly determined that some of the refund claims were invalid under 26 U.S.C. §§ 6511(a) and 6511(b)(2)(A), statutes of limitation governing tax refunds. In 2010, the IRS issued a refund to plaintiff for overpayments made in 2007 (for the 2006 tax year), but did not refund the 2005 and 2006 overpayments because only payments made within three years of the return filing can be refunded under § 6511(b)(2)(A).

Plaintiff appealed the IRS determination and provided supplementary documentation of "financial disability" as allowed under 26 U.S.C. § 6511(h). (*See, e.g.*, D.I. 32 at 41). The IRS denied plaintiff's claim because he did not meet the statutory criteria. (*See* D.I. 2 at 8.) Plaintiff maintains the IRS: (1) performed a cursory review in making its decision; (2) did not hold a personal conference as he requested; (3) failed to communicate with him in any personal or meaningful manner; (4) failed to comply with its own guidelines; and (5) has mistreated him. Plaintiff seeks judgment for $97,000, including $22,270 in non-refunded deposits and reimbursement for costs of $74,730.

## II. LEGAL STANDARDS

The court must accept all factual allegations in a complaint as true and consider them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the sufficiency of the complaint, and does not resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1420). While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions." *See, e.g., Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted). To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550

4

U.S. at 555).

When jurisdiction is challenged under FED. R. CIV. P. 12(b)(1), the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l. v. Oriental Rug Importers Ass'n., Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under FED. R. CIV. P. 12(b)(1), the court's jurisdiction may be challenged either facially, that is, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional facts. 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 1997). Where there is a facial attack on jurisdiction, the court must accept as true the allegations contained in the complaint. Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Where there is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Carpet Group*, 227 F.3d at 69 (quoting *Mortenson*, 549 F.3d at 891).

## III. DISCUSSION

In plaintiff's original complaint, he sought recovery from the IRS and five individually named IRS agents. On November 13, 2012, this court substituted the United States for the Internal Revenue Service as a party defendant and allowed plaintiff to proceed in accordance with 26 U.S.C. § 7422(f)(2). Suits for the recovery of

a credit or refund under 26 U.S.C. § 7422(a) may only be maintained against the United States, "and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1). Plaintiff seeks recovery from the United States and from five individually named IRS agents. Even if all allegations in plaintiff's amended complaint are viewed in the light most favorable to him and regarded as true, he is not entitled to relief against these individually named defendants. As such, the defendants' motion to dismiss plaintiff's claims against the five IRS agents must be granted.

While compelling, plaintiff's claim against the United States for the refund of overpayments made to the IRS in a good faith effort to pay taxes during a particularly stressful period must also be dismissed for lack for subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). "Under settled principles of sovereign immunity," the United States is immune from suit unless Congress unequivocally consents otherwise. *U.S. v. Dalm,* 494 U.S. 596, 608 (1990). Thus, when a statute sets a time limitation for a claim to be made, the statute represents the limit of the waiver. Under 26 U.S.C. § 6511(b)(2)(A), a plaintiff is unable to recover a credit or refund that exceeds "the portion of the tax paid within the 3 years immediately preceding the filing of the claim." Here, plaintiff filed his claim for a refund in 2010 when he submitted six years of tax returns. While the IRS refunded the claimed amount for 2007, it could not refund the claims from 2005 or 2006 because of the statutory limitation of § 6511(b)(2)(A).

Additionally, 26 U.S.C. § 6511(h) provides for a limited exception to the time restrictions in 26 U.S.C. § 6511(a) and (b)(2)(A). Under this provision, the running of the time period is "suspended during any period of such individual's life that such

individual is financially disabled." 26 U.S.C. § 6511(h)(1). The statute provides further guidance on the criteria for "financially disabled":

> (A) In general.--For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.
>
> (B) Exception where individual has guardian, etc.--An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

26 U.S.C. § 6511(h)(2)

The "form and manner" referenced in § 6511(h)(2)(A) is detailed in IRS Revenue Procedure 99-21:

> Unless otherwise provided in IRS forms and instructions, the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).
>
> (1) a written statement by a physician (as defined in § 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth:
>
> (a) the name and a description of the taxpayer's physical or mental impairment;
>
> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
>
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
>
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and

7

(e) the following certification, signed by the physician:

I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

(2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

IRS Revenue Procedure 99-21, § 4, 1999-17 I.R.B. 18

As evidenced by the statutory definition in 26 U.S.C. § 6511(h)(2)(A), Congress chose to define "financially disabled" very narrowly, and left it to the Secretary of the Treasury to determine the "form and matter" of financial disability claims. Courts have given deference to the promulgated procedure. *See, e.g., Abston v. C.I.R.*, 691 F.3d 992, 996 (8th Cir. 2012) ("Knowing that the IRS would need to fairly and efficiently process a potentially large number of such claims, Congress instructed the Secretary to prescribe the method by which an individual could prove such an impairment."). In IRS Revenue Procedure 99-21, the Secretary chose to require a strict and exacting "form and manner" for claims of financial disability.

By the plain language of the statute and IRS Revenue Procedure 99-21, neither the plaintiff nor his spouse were financially disabled. "A plain reading of § 6511(h) demonstrates that the physical or mental impairment must be that of the taxpayer, not of some third person." *Brosi v. C.I.R.*, 120 T.C. 5, 10 (T.C. 2003). Although plaintiff alleges his own health problems, he does not meet the stringent requirements of financially disabled. While he may have experienced health problems of his own, they

were not of the type contemplated in § 6511(h)(2)(A).

The medical documentation submitted by plaintiff to the IRS failed to include a doctor's medical conclusion that the "physical or mental impairment prevented [him] from managing [his] financial affairs" as required by IRS Revenue Procedure 99-21, § 4(1)(b). His submissions also lacked a specific time period during which plaintiff's physical or mental impairments prevented him from handling his finances, consistent with IRS Revenue Procedure 99-21, § 4(1)(d). Likewise, the required certification language by the physician under IRS Revenue Procedure 99-21, § 4(1)(e) was absent. Lastly, plaintiff did not submit the written statement required by IRS Revenue Procedure 99-21, § 4(2).

As noted in *Brosi*, the physical or mental impairment must be substantial, and the proof required must be "in the form and manner specified by the Secretary." 120 T.C. at 11. There, the plaintiff's care-giving responsibilities and contemporaneous employment were not enough to qualify for a tolling of the statute of limitations under § 6511(h)(2). *Id.* Here, although plaintiff had to address and deal with around the clock care-giving responsibilities to his wife and his health problems, the statute requires more than such a showing. His lack of compliance with the statutory and regulatory requirements was not merely technical. *Compare Walter v. U.S.*, No. 09-420, 2009 WL 5062391 (W.D.Pa. Dec. 16, 2009). (holding that a plaintiff may remedy a technical defect under 26 U.S.C. § 6511(h) when in substantial compliance with the statute and IRS Revenue Procedure 99-21) *with Pleconis v. I.R.S.*, No. 09-5970, 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011) (finding that since "no physician 'opined that [plaintiff's] various impairments actually prevented him from managing his affairs,'

9

plaintiff was not in compliance with IRS Revenue Procedure 99-21).

Plaintiff's spouse also did not meet the very specific statutory definition of financially disabled, because the procedural guidelines of IRS Revenue Procedure 99-21 were not met. In addition, under 26 U.S.C. § 6511(h)(2)(B), "[a]n individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters." While plaintiff's wife had been responsible for filing the couple's joint tax returns each year, no facts are pled indicating plaintiff was unauthorized to act on her behalf in financial matters. On the contrary, he filed multiple 1040-ES forms and paid estimated taxes during her incapacity, demonstrating plaintiff was authorized to and did act on his spouse's behalf in financial matters.

In order to efficiently administer the tax code, Congress chose to allow the government to retain tax funds after the statutory period, even when they would have otherwise been refunded. If the taxpayer does not qualify for a tolling of the statutory time period under the financial disability exception, the IRS retains these funds, and this court may not intervene. It is beyond the authority of this court to impose additional language into a duly enacted statute. The statutory limitations period of 26 U.S.C. § 6511 has just one exception, contained in § 6511(h), that suspends the running of the period. Equitable tolling is not authorized under § 6511, which "sets forth its time limitations in unusually emphatic form." *U.S. v. Brockamp*, 519 U.S. 347, 350 (1997). The "highly detailed technical" language "cannot easily be read as containing implicit exceptions." *Id.* Courts are not "[delegated] . . . a generalized power to [expand the statute of limitations] wherever a court concludes that equity so requires." *Id.* at 353. In

framing the statute this way, Congress sought "protection against stale demands." *Id.* (citing *U.S. v. Garbutt Oil Co.*, 302 U.S. 528, 533 (1938)).

Hardship may occur when a statute of limitations prevents a plaintiff from successfully making a claim, "but the alleviation of that hardship is a matter of policy for the Congress." *Kaltreider Constr. v. U.S.*, 303 F.2d 366, 368-69 (3d Cir. 1962). "Although 'not elegant,' the statutory scheme is straightforward." *Brosi*, 120 T.C. at 8 (citing *Comm'r v. Lundy*, 516 U.S. 235, 242 (1996)). Sympathy by the court for plaintiff's situation is not a basis to supersede the limited waiver of sovereign immunity under § 6511(h).

"Admittedly, the result we reach is a harsh one, but we are firmly convinced that it is the one required by law." *Kreiger v. U. S.*, 539 F.2d 317, 322 (3d Cir. 1976). Accepting all allegations in the amended complaint as true, and construing the facts in his favor, plaintiff does not allege entitlement to relief. Due to the untimeliness of the claim, this court lacks the subject matter jurisdiction to award a refund to plaintiff, and the motion to dismiss is granted.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss the claims against the individually named defendants is granted. In addition, the motion to dismiss for lack of subject matter jurisdiction must also be granted.

Date: June 6, 2014

CHIEF, UNITED STATES DISTRICT JUDGE